JLG 1/11/13 7692

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, v. Jose Luis QUINONES, Pedro QUINONEZ, Juan Carlos CISNEROS Defendants. | Magistrate Docket No. 13 JAN 11 AM 9:29 COMPLAINT FOR VIOLATION OF: Title 8, USC 1324(a)(1)(A)(ii) Transportation of Illegal Aliens '13MJ0092 |

The undersigned complainant being, duly sworn, states:
On or about January 10, 2013, within the Southern District of California, defendant Jose Luis QUINONES, Pedro QUINONEZ and Juan Carlos CISNEROS, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that certain aliens, namely, Carlos GOMEZ-Luna, Yuli JIMENEZ-Aldama, Ivan MARTINEZ-Salazar and Wilfredo GARCIA-Martinez, had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Mauro D. Lopez
Border Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 11th DAY OF January , 2013.

RUBEN B. BROOKS
United States Magistrate Judge

DCA 1:10 (X3)

**CONTINUATION OF COMPLAINT:**
**Jose Luis QUINONES,**
**Pedro QUINONEZ,**
**Juan Carlos CISNEROS**

**PROBABLE CAUSE STATEMENT**

Furthermore, the complainant states that Carlos GOMEZ-Luna, Yuli JIMENEZ-Aldama, Ivan MARTINEZ-Salazar and Wilfredo GARCIA-Martinez, are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

At approximately 8:00 a.m., Agents C. Chaparro and L. Sanchez were observing traffic on Interstate 8 as the Interstate 8 checkpoint was not operational due to inclement weather. Agents Chaparro and Sanchez observed a truck traveling on Interstate 8, which appeared to be heavily laden. Chaparro and Sanchez began to follow the vehicle in an effort to make further observations. The vehicle abruptly changed lanes, turned its hazard lights on and dropped its speed down from approximately 70 miles per hour to 25 miles per hour. Furthermore, the vehicle crossed over the yellow line separating the highway from the shoulder multiple times.

Record checks on the vehicle revealed that the vehicle is registered to a Pedro QUINONEZ. Agents recognized the name Pedro QUINONEZ as that of one matching an individual who was arrested on January 6, 2013 in the same area for Conspiracy to Transport Aliens.

Based upon the aforementioned, Agents performed a vehicle stop at approximately 8:10 a.m. on interstate 8. Upon approaching the vehicle Agents Chaparro and Sanchez identified themselves as Border Patrol Agents and began questioning the occupants of the vehicle. During questioning, Agent Rios arrived on scene and verified that the driver, Pedro QUINONEZ was in fact the same individual that he placed under arrest four days prior. Upon seeing Agent Rios, Pedro QUINONEZ requested to speak with Agent Rios away from all other agents. Upon stepping away from other Agents with Agent Rios, Pedro QUINONEZ spontaneously stated to Agent Rios, "I'll tell you everything you want to know." Pedro QUINONEZ stated there is a vehicle nearby currently smuggling illegal aliens. Pedro QUINONEZ described the make, model, and color of the vehicle. Based upon Pedro QUINONEZ' statements to Agent Rios, all questioning was ceased and Pedro QUINONEZ along with the other occupants of the vehicle, later identified as defendant Juan Carlos CISNEROS and a juvenile were placed into investigative detention. The information that Pedro QUINONEZ provided was relayed to other agents working in the area.

At approximately 8:30 a.m., Agents E. Barquin and Z. Sharp observed a vehicle nearby matching the description given by Pedro QUINONEZ. The vehicle was only traveling at about 40 miles per hour, when the posted speed limit is 70 miles per hour. In addition, Agents slowed down enough for the vehicle to pass them to make further observations but the vehicle would not pass the Agents. After several minutes Agents were able to position themselves behind the vehicle in order to make further

**CONTINUATION OF COMPLAINT:**
**Jose Luis QUINONES,**
**Pedro QUINONEZ,**
**Juan Carlos CISNEROS**

observations and to obtain the registration information. Record checks revealed that the vehicle is registered to Maria QUINONEZ. Based upon Agents observations, information provided by Pedro QUINONEZ and the vehicle being registered to another QUINONEZ, agents initiated a vehicle stop at approximately 8:33 a.m. on interstate 8.

Agents approached the vehicle, identified themselves as United States Border Patrol Agents and conducted field immigration interviews on the occupants. The driver, later identified as defendant Jose QUINONES stated that he was a United States citizen. Agent Barquin then questioned the remaining occupants of the vehicle as to their country of citizenship, to which all individuals freely and voluntarily admitted to being citizens of Mexico without any documentation to enter or remain in the United States legally.

At approximately 8:52 a.m., Agent Barquin placed Jose QUINONES under arrest for 8 USC 1324 Alien Smuggling. At approximately 9:00 a.m., Agent Rios placed Pedro QUINONEZ under arrest for 8 USC 1324. In addition, Juan Carlos CISNEROS and a juvenile female were taken into custody for further investigation.

Defendant Jose Luis QUINONES was advised of his Miranda Rights. Jose Luis QUINONES stated that he understood his rights and was willing to speak without an attorney present.

QUINONES stated that he accepted a job offer to pick up undocumented aliens and transport them to Los Angeles, California. QUINONES stated that he was going to get paid $1500.00 USD per undocumented alien he successfully transported. QUINONES stated that on the evening of January 8, 2012, he drove to a ranch and picked up a group of four undocumented aliens. QUINONES stated his original plan was to travel through the Border Patrol checkpoint located in Indio, California, but changed plans because it was operational. QUINONES stated he decided to travel through the Interstate 8 Border Patrol checkpoint but got scared and turned back toward the ranch.

Defendant Pedro QUINONEZ was advised of his Miranda rights. Pedro QUINONEZ (Z M.d.L.) stated that he understood his rights and was willing to speak without an attorney present.

Pedro QUINONEZ stated he was arrested on January 5, 2013 for Alien Smuggling. He stated that his cousin, Jose Luis QUINONES, was in the area that time acting as a look-out but was not apprehended. After being charged, booked, and released, Pedro QUINONEZ stated that he called Jose Luis QUINONES to give him a ride from El Cajon, California to Los Angeles, California. Pedro QUINONEZ stated that he has successfully transported two undocumented aliens through the Campo, California area approximately one month prior, when the Interstate 8 Border Patrol Checkpoint was down.

**CONTINUATION OF COMPLAINT:**
**Jose Luis QUINONES,**
**Pedro QUINONEZ,**
**Juan Carlos CISNEROS**

For today's event, Pedro QUINONEZ stated that Jose Luis QUINONES offered him an unknown amount of money to act as his look-out because he was going to pick-up four undocumented aliens in the Campo, California area. Pedro QUINONEZ stated Jose Luis QUINONES went to the Campo, California area approximately two hours before Pedro QUINONEZ, accompanied by Juan Carlos CISNEROS. Pedro QUINONEZ followed two hours later in his own vehicle. Pedro stated that he drove direct from Los Angeles and waited for a call from Jose Luis QUINONES.

Pedro QUINONEZ stated that he finally received a call from Jose Luis QUINONES and CISNEROS telling him to go to a ranch located on BIA 10 in Campo, California. QUINONEZ arrived at the ranch and waited for Jose Luis QUINONES and CISNEROS to arrive approximately an hour later. Jose Luis QUINONES arrived at the ranch and Pedro QUINONEZ stated that he saw four individuals come out of a residence and enter QUINONES's vehicle at the guidance of Jose Luis QUINONES. Jose Luis QUINONES then told Pedro QUINONEZ to meet him in El Centro, California.

Pedro QUINONEZ stated Jose Luis QUINONES instructed him to drive through multiple Border Patrol Checkpoints to see if they were operational. Once through the checkpoints, Pedro QUINONEZ informed Jose Luis QUINONES of the status and was then given further instructions by Jose Luis QUINONES of where to meet him.

Defendant Juan Carlos CISNEROS was advised of his Miranda Rights. CISNEROS stated he was willing to speak without an attorney present.

CISNEROS stated he is currently residing with his cousin, Pedro QUINONEZ. CISNEROS stated that he went for a ride with Jose Luis QUINONES, while Pedro QUINONEZ followed them in another vehicle. He stated that Jose Luis was constantly asking to use his cell phone and one of his apps that had maps. They eventually drove to Campo, California where four individuals that CISNEROS believed were illegal aliens jumped into the vehicle. Jose drove everyone to El Centro, California for the night, where they slept in between a couple of houses inside the suburban.

The next day, they traveled towards Blythe, California, while Pedro traveled towards Mecca, California to see which Border Patrol Checkpoint would be easier to cross through. Prior to arriving in Blythe, CISNEROS stated he was instructed to sit in a ditch on the side of the road with the four illegal aliens, while Jose Luis QUINONEZ went to see if the checkpoint was operational.

At approximately 5:30 am, CISNEROS stated he got into a different vehicle driven by Pedro QUINONEZ while Jose Luis QUINONES and the illegal aliens stayed behind in El Centro. While driving westbound, CISNEROS stated QUINONEZ would be on the phone with QUINONES talking about their window of opportunity to cross the illegals through the checkpoint, as it was non-operational.

**CONTINUATION OF COMPLAINT:**
**Jose Luis QUINONES,**
**Pedro QUINONEZ,**
**Juan Carlos CISNEROS**

CISNEROS further stated that he was to be paid $1000.00 upon successful completion of this smuggling event and was also being trained as either a scout or a smuggler for future smuggling events. CISNEROS further went on to say that Pedro has been doing this for approximately 2-3 weeks but is unaware how long Jose has been doing this. In addition, it was stated that Jose was the one making the decisions and seemed to be in charge.

CISNEROS was shown two separate photographic lineups consisting of six individuals each. In the first photographic lineup, CISNEROS was able to identify Jose Luis QUINONES as the load driver and head of this smuggling event. In the second photographic lineup, CISNEROS was able to identify Pedro QUINONEZ as the scout in this smuggling event.

Material Witnesses Carlos GOMEZ-Luna, Ivan MARTINEZ-Salazar, Wilfredo GARCIA-Martinez, and Yuli JIMENEZ-Aldama stated that they are citizens and nationals of Mexico illegally present in the United States. They stated that they did not have any immigration documents allowing them to be in the United States legally. They stated that arrangements had been made in Baja California, Mexico to be smuggled into the United States. All the material witnesses stated that they were to pay between $7,500 and $8,000 U.S. dollars to be smuggled to various parts of California. When shown a photographic lineup containing 6 individuals, all Material Witnesses were able to identify defendant Jose LUIS-Quinones as the driver of the vehicle. Material Witness GOMEZ-Luna was able to identify defendant Pedro QUINONEZ as an individual being seen with Jose Luis QUINONES. Material Witnesses MARTINEZ-Salazar and GARCIA-Martinez were able to identify defendant Juan Carlos CISNEROS as an individual who, for a short time, was in the vehicle with them.